UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNIE LANDRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2362** |
| **COVINGTON SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

Plaintiffs filed a motion to remand for lack of subject matter jurisdiction. Rec. Doc. 9. Defendants timely filed opposition memoranda. Rec. Docs. 14, 15. Plaintiffs then sought, and were granted leave, to file a reply. Rec. Doc. 31. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 9) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 3, 2015, Plaintiffs executed a contract with Robert Dinger d/b/a Dinger's Outdoors and R&N Pool Service, Inc. for the construction of a custom swimming pool and related amenities in Plaintiffs' yard. *See* Rec. Doc. 1-2 at 11-12. Plaintiffs were not satisfied with Dinger's work and, in February 2017, sent a letter alleging that Dinger "ha[d] breached several provisions within the contract and most importantly, caused major damage to the Landrys' residence by performing inadequate and defective work." *Id.* at 13-15. Plaintiffs demanded over $200,000 in damages. *See id.*

In January 2018, Plaintiffs filed suit in Louisiana state court against three of Dinger's insurance companies because Dinger had declared bankruptcy. *See id.* at 2-7, 9-10. Plaintiffs sought to proceed directly against the insurance companies under Louisiana's direct action statute. *See id.* at 2 (citing La. Rev. Stat. § 22:1269). The complaint states that it "is an action on a contract" and alleges that Dinger "performed the work specified under the contract in an improper, negligent and unworkmanlike manner." *Id.* at 3. Plaintiffs seek damages for physical damage to their yard and home, as well as for emotional distress. *See id.* at 6.

In March 2018, Defendants removed the case on the basis of diversity jurisdiction, stating that no Defendant is a citizen of Louisiana. *See* Rec. Doc. 1. Later that same month, Plaintiffs moved to remand, arguing that there is no diversity of citizenship because, as insurers, Defendants assume their insured's citizenship. *See* Rec. Doc. 9 (citing 28 U.S.C. § 1332(c)(1)). Defendants argue that they do not assume their insured's citizenship because Plaintiffs' claim sounds in contract, not in tort, as is required under Louisiana's direct action statute. *See* Rec. Docs. 14, 15.

**LAW AND ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,

2

may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). The above-captioned matter was removed from Louisiana state court on the basis of diversity jurisdiction. *See* Rec. Doc. 1 at 3-6 (citing 28 U.S.C. § 1332). There is no dispute that the amount in controversy exceeds seventy-five thousand dollars. *See* Rec. Doc. 1-2 at 13-15.

But diversity jurisdiction is only present when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, Plaintiffs are citizens of Louisiana. *See* Rec. Doc. 1-2 at 2. Defendants are corporate entities. *See id.* Normally, "a corporation . . . [is] a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[E]xcept that in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall [also] be deemed a citizen of every State . . . of which the insured is a citizen." *Id.* § 1332(c)(1)(a).

Plaintiffs filed the instant case in state court as a direct action against Dinger's insurers. *See* Rec. Doc. 1-2 at 2 (citing

3

La. Rev. Stat. § 22:1269). The parties agree that Dinger is a citizen of Louisiana. *See id.* at 3. Therefore, if Louisiana's direct action statute is applicable, Defendants are citizens of Louisiana. *See* 28 U.S.C. § 1332(c)(1)(a). If Defendants are citizens of Louisiana, there is incomplete diversity and an absence of subject matter jurisdiction. *See Caterpillar*, 519 U.S. at 68. But Defendants argue that Louisiana's direct action statute is inapplicable because Plaintiffs' claims sound in contract, not tort. The outcome of the instant motion turns on the merit of this argument.

"The Louisiana Direct Action Statute applies only to torts and not to contract disputes." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994-95 (5th Cir. 1985) (internal citation omitted); *see also Green v. Auto Club Grp. Ins. Co.*, 2008-2868, p. 3 (La. 10/28/09); 24 So. 3d 182, 184 ("The Direct Action Statute was enacted to give special rights to tort victims, not to insureds with contract claims against a defendant."). Plaintiffs concede that their claims against Defendants are intimately tied to the contract Plaintiffs executed with Dinger for the construction of the pool in their yard. *See* Rec. Doc. 31 at 5. But, as Plaintiffs correctly observe, the violation of a contract can potentially give rise to claims in contract *and* in tort. *See Mentz Const. Servs., Inc. v. Poche*, 2011-1474, pp. 5-8 (La. App. 4 Cir. 3/14/12); 87 So. 3d 273, 276-78.

Ultimately, in this case, Plaintiffs' claims sound only in contract and Louisiana's direct action statute is inapplicable. *See id.* "The main distinction between an action on a contract and a tort action is that the former flows from the breach of a special obligation contractually assumed by the obligor, whereas the latter flows from the violation of a general duty owed to all persons." *Id.* at 276-77. In *Metz*, Louisiana's Fourth Circuit Court of Appeal held that Louisiana's direct action statute did not apply to a homeowner's claims against a contractor for shoddy work and failure to supervise employees because the claims, even those that "sound[ed] in tort," "ar[o]se from duties set forth in the contract between the parties." *Id.* at 277. The court further explained that "implicit in every construction contract is the requirement that the work be performed in a good, workmanlike manner, suitable for its intended purpose and free from defects in material or workmanship." *Id.* at 277-78. The court then held that claims based on implicit contractual terms are also excluded from the direct action statute. *See id.*

The facts of the instant case are indistinguishable from those in *Metz.* The "negligent acts/omissions" alleged in Plaintiffs' complaint all relate to Dinger's construction of the pool, which was governed by the contract between Plaintiffs and Dinger. *See* Rec. Doc. 1-2 at 3-4, 11-12. Specifically, Plaintiffs' claims address the location of the pool, the manner in which the pool was

5

constructed, the quality of the finished product, and Dinger's actions while constructing the pool. *See id.* at 3-4. The contract contains terms governing these same issues, and is further augmented by the implied duties of workmanlike performance.[1] *See id.* at 11-12. Because "[t]he alleged duties that were breached . . . are both explicitly and implicitly set forth in the contract between the parties," and "there are no general tort duties alleged which do not arise as a result of the existence of the contract," the direct action statute does not apply. *Mentz*, 87 So. 3d at 278. Therefore, Defendants do not assume Dinger's citizenship and there is complete diversity. *See* 28 U.S.C. § 1332(c)(1); *Caterpillar*, 519 U.S. at 68.

Plaintiffs' attempts to show that they have actually brought a tort action are unavailing, not least because Plaintiffs have made no attempt to distinguish *Metz*. Plaintiff cites a series of cases for the proposition that negligent breach of a contractual

---

[1] The first page of the contract describes the design of the pool, including dimensions and materials to be used. *See* Rec. Doc. 1-2 at 11. The second page contains various contractual terms, including: homeowner's obligation "to provide access to job site for all construction equipment[;]" Dinger's obligation to "consult during the excavation of pool area[;]" Dinger's "responsbil[ity] for leveling, installing, plumbing waterlines, and installing pool equipment[;]" Dinger's *lack of* "responsibil[ity] for cracks in concrete driveways, etc. when used for access to pool site[;]" and homeowner's "responsibil[ity] for the pool location being within his/her property lines and clear of all setbacks." *Id.* at 12.

obligation can give rise to an action in tort.[2] *See* Rec. Doc. 31 at 2-5. While that is true, the mere fact that a plaintiff alleges negligence does not mean that Louisiana's direct action statute applies. *See Metz*, 87 So. 3d at 276-77. Rather, the direct action statute only applies when the alleged negligence relates to a general duty, not a duty that arises from a contract. *See id.* Plaintiffs' complaint contains no such general allegations and solely focuses on the duties agreed to in the contract.

New Orleans, Louisiana, this 2nd day of July, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The pair of cases on which Plaintiffs primarily rely actually hold that a plaintiff can prosecute a negligent breach of a contractual duty as a *contract* action, which is the opposite of what Plaintiffs argue for here. *See Transp. Equip. Co. v. Younger Bros., Inc.*, 34 So. 2d 347, 351-52 (La. Ct. App. 1948) ("The entire burden of the reconventional demand is that the defendant in reconvention has failed to carry out its contract, and however stoutly it may have been alleged that this failure was due to negligence, we think that, nevertheless, the claim is in reality based on a breach of contract and is, therefore, not prescribed in one year."); *Ill. Cent. R.R. Co. v. New Orleans Terminal Co.*, 78 So. 738, 740-41 (La. 1918) (acknowledging "[c]ases strongly illustrative of a contractual obligation not merging in, or being absorbed by, a concurrent obligation in tort").

7