UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNIE LANDRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2362** |
| **COVINGTON SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

Defendants Covington Specialty Insurance Company and RSUI Group, and defendant Houston Specialty Insurance Company filed the instant two motions for summary judgment. Rec. Docs. 39, 40. Plaintiffs timely filed a response in opposition to both motions as well as a motion for voluntary dismissal. Rec. Docs. 44, 50. Defendants filed reply memoranda. Rec. Docs. 52, 54, 59. For the reasons discussed below,

**IT IS ORDERED** that the motions for summary judgment are **GRANTED**, dismissing claims against moving defendants with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' motion to dismiss without prejudice is **DISMISSED as moot**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a contract executed between JoAnna Landry and Robert Dinger, as representative of R&N Pool Service, Inc d/b/a Dinger pools, for the construction of a custom swimming pool, hot tub, deck, and outdoor patio at plaintiffs' home in Houma, Louisiana. Rec. Doc. 1-2 at 3. Plaintiffs claim that Mr.

1

Dinger and R&N Pool Services performed the work specified under the contract in an improper, negligent, and unworkmanlike manner and seek compensation for physical damage to their property and past and future mental and emotional suffering. Id. at 6. Plaintiffs filed suit in Louisiana state court in January 2018 directly against defendant insurance companies, "[d]ue to the insured's bankruptcy discharge." Rec. Doc. 1-2 at 2 (citing La. Rev. Stat. § 22:1269).

Defendant insurance companies Covington Specialty Insurance Group ("Covington"), Houston Specialty Insurance Group ("HSIC"), and RSUI Group Inc. ("RSUI") removed the case to federal court on the basis of diversity jurisdiction in March 2018, stating that no defendant is a citizen of Louisiana. Rec. Doc. 1. Plaintiffs moved to remand, arguing that the defendants assume their insured's Louisiana citizenship under Louisiana's Direct Action Statute ("DAS"), and therefore diversity of citizenship did not exist. Rec. Doc. 9. Defendants argued that they do not assume Mr. Dinger and R&N's Louisiana citizenship because plaintiffs' claims sound in contract and not in tort, meaning that Louisiana's Direct Action Statute ("DAS") does not apply. Rec. Docs. 11, 15. This Court agreed with defendants and denied plaintiffs' motion to remand, finding that defendants did not take on the Louisiana citizenship of the insured because "[p]laintiffs' claims sound only in contract

and Louisiana's direct action statute is inapplicable." Rec. Doc. 35 at 5.

Plaintiffs sought to file an amended complaint adding three non-diverse defendants to the lawsuit: R&N Pool Service, Inc, R&N Dinger, Inc, and Vincent Watson, Sr. Rec. Doc. 19. Plaintiff asserted that they had mistakenly believed that Mr. Dinger's two businesses, R&N Pool Service, Inc. and R&N Dinger, Inc., had been discharged in bankruptcy as well as Mr. Dinger personally. Id. at 2. The Magistrate Judge denied plaintiffs' motion, finding that failing to identify a party was not a mistake of law, plaintiff was dilatory in seeking to amend, and plaintiffs would not be prejudiced by denial because claims against the non-diverse parties filed in state court may be prescribed. Rec. Doc. 36 at 6.

Defendants filed the instant motions for summary judgment, arguing that plaintiffs have no viable claims remaining because this Court previous ruled that their claims sound solely in contract, which is not a basis for proceeding against an insurer pursuant to the Louisiana Direct Action Statute, and there is a lack of privity between plaintiff and defendants.[1] Rec. Docs. 39, 40. Plaintiffs timely filed a response in opposition requesting

---

[1] Defendants Covington Specialty Insurance Company and RSUI Group filed a joint motion for summary judgment (Rec. Doc. 39) and defendant Houston Specialty Insurance Group filed a separate motion for summary judgment (Rec. Doc. 40). Because the arguments substantially overlap, and plaintiffs filed a single response in opposition to both motions (Rec. Doc. 44), the motions are considered together in this Order and Reasons.

3

that the Court abstain from exercising its jurisdiction because of a parallel state court proceeding against both the insured and the defendant-insurers and arguing in the alternative that defendants' motion for summary judgment should be denied. Rec. Doc. 44. Plaintiffs additionally state that they have filed a motion for voluntary dismissal without prejudice in conjunction with their opposition to the instant motions due to their pending lawsuit in Louisiana state court. Rec. Doc. 50. In their replies, defendants argue that the requirements for abstention have not been met and that plaintiffs' motion for voluntary dismissal is not appropriate at this late stage of the proceedings. Rec. Docs. 52, 54.

Defendants argue that plaintiffs have no viable claims because their claims sound solely in contract, which is not a basis for proceeding against an insurer pursuant to the Louisiana Direct Action Statue. Rec. Doc. 39-1 at 1. Defendants further argue that because there is no privity between plaintiffs and defendants, plaintiffs have no claim for breach of contract. Rec. Doc. 40-1 at 4. Defendants assert that this Court previously recognized that the plaintiffs' petition affirmatively establishes that the underlying cause of action for their claim against defendants is premised on the insured's breach of contract. Rec. Doc. 39-1 at 5. However, plaintiffs' cause of action against defendants is under Louisiana's Direct Action Statute ("DAS"), which grants a procedural right of action against an insurer where the plaintiff

4

has a substantive cause of action against the insured. Id. Defendants state that the DAS does not authorize direct action against insurers based solely on a breach of contract, but rather gives a special right of action specifically to injured tort victims. Id. at 5-6. Given this Court's previous finding that plaintiffs' claims sound solely in contract, and the lack of privity between plaintiffs and defendants, defendants argue that plaintiffs have no viable claim against them. Rec. Doc. 40-1 at 6.

Plaintiffs advise the Court that they have filed a new state court lawsuit against both the insured and the defendant insurance companies, based on their recent discovery of the insured's regained solvency and resumption of business activity. Rec. Doc. 44 at 1. Plaintiffs therefore request that the Court abstain from exercising its jurisdiction in this matter due to the parallel pending state court proceeding under the Supreme Court's doctrine of *Colorado River Abstention.* Id. Alternatively, plaintiffs assert that they have filed a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which they request this Court grant along with a denial of the instant motions. Id. at 2. Finally, defendants argue that the instant motions for summary judgment should be denied because they are premature due to outstanding discovery requests, and because plaintiffs have viable claims under the direct-action statute which have not yet been prescribed. Id.

Defendants argue that abstention is not warranted because this case is not parallel to the newly filed state court case and no exceptional circumstances are present. Rec. Doc. 54 at 2-3. Defendants assert that there is not an identity of parties as the state court case names the insured as a defendant while the present case does not. Id. at 2. Defendants note that the supposedly duplicative litigation is of plaintiffs' own making because plaintiffs mistakenly assumed the R&N entities were insolvent and therefore failed to include them as defendants in their original complaint in this case as required under the DAS. Rec. Doc. 52 at 6. Additionally, the only issue before the Court in the present case is whether plaintiffs have a viable contract claim against defendants, whereas the state court proceedings are also premised on tortious and negligent conduct of the insured. Id. at 3. Therefore, defendants assert that the state court proceeding is not a parallel action to this federal proceeding and *Colorado River* abstention is not appropriate. Id. Furthermore, defendants argue that the factors relevant to determining whether the 'exceptional circumstances' exist weigh in favor of denying abstention. Id. at 3-4. Defendants also argue that the instant motions are not premature as outstanding discovery requests are not pertinent and would not alter the result. Rec. Doc. 54 at 5. Finally, defendants assert that voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is not warranted at this stage, given that this case was

6

filed nearly a year ago and substantial motion practice has occurred. Rec. Doc. 52 at 9. Defendants argue that a ruling on the instant summary judgment motions is appropriate. Id.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All reasonable inferences must be drawn in favor of the nonmovant, but "a party cannot defeat

7

summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

Plaintiffs have no viable claims against defendants because their claims sound solely in contract and there is a lack of privity between plaintiffs and defendants. This Court previously found that "[p]laintiffs' claims sound only in contract and Louisiana's direct action statute is inapplicable. Rec. Doc. 35 at 5. We held that the negligent acts and omissions alleged in plaintiffs' complaint "all relate to Dinger's construction of the pool, which was governed by the contract between [p]laintiffs and Dinger." Id. Although we recognized that "the violation of a contract can potentially give rise to claims in contract *and* in tort," we ultimately held that "the alleged duties that were breached are both explicitly and implicitly set forth in the contract between the parties and there are no general tort duties alleged which do not arise as a result of the existence of the contract." Id. at 6. (internal quotations omitted). The Court sees no basis for revising this holding, and plaintiffs have offered no arguments other than to assert that the defendant insurance companies "are liable for damages resulting from the specified tortious and negligent conduct of the insured." Rec. Doc. 44 at 10. As the Court previously held, plaintiffs' claims all arise because of their contract with Mr. Dinger and therefore do not

8

sound in tort. Rec. Doc. 35 at 5. Therefore, the Court maintains its prior holding that the Direct Action Statute, which only applies tort victims, is inapplicable to plaintiffs' claims. *See* Rec. Doc. 35 at 5; *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 994-995 (5th Cir.1985) (holding that "the Louisiana Direct Action Statute applies only to torts and not to contract disputes") (internal citation omitted). Since plaintiffs cannot proceed against defendants under the Direct Action Statute on their contractual claims, plaintiffs have no viable basis for their claims against defendants. There is no genuine dispute as to the fact that a contract did not exist between plaintiffs and defendants. Neither party alleges that such a contract existed. The contract that formed the basis for the underlying dispute in this case was between plaintiffs and Robert Dinger, as representative of R&N Pool Services, Inc. Rec. Doc. 1-2 at 11-12. Plaintiffs never entered into a contract with defendants and do not allege that they were directly insured by the defendant insurance companies. Therefore, there is a lack of privity between the parties. Without a contract, plaintiffs have no basis for a breach of contract claim against defendants. Because there is no genuine dispute of material fact and plaintiffs have no basis to proceed against defendants on a breach of contract claims, summary judgment in favor of defendants is warranted.

Additionally, plaintiffs request that this Court abstain from exercising jurisdiction in this matter under the Supreme Court's doctrine of *Colorado River* abstention, because of a new parallel state court proceeding against defendants and the insured. Rec. Doc. 44 at 5. Under the doctrine of *Colorado River* abstention, a court may choose to abstain from exercising jurisdiction, awaiting the conclusion of state-court proceedings in a parallel case. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). "A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances'." *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018). Before the Court analyzes whether exceptional circumstances warranting abstention are present, the Court must make the preliminary determination that a parallel state court proceeding exists.

To determine whether a parallel action exists, a court looks "both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (internal quotations omitted). The newly initiated state court proceedings are not a parallel action to the pending case before this Court. Although not determinative, it is relevant that the two cases involve different parties. *Id.*

10

Plaintiffs state in their response that they have filed a state court lawsuit "against both the insured and the Defendant-insurers herein." Rec. Doc. 44 at 1. Because only the insurance companies are defendants in the present case, there is not an identity of parties between the state court proceeding and this federal case. Additionally, the state proceedings would not be dispositive of this federal proceeding. As defendants note, the only issue before the Court in the instant matter is whether plaintiffs have a viable contract claim against the defendants. Rec. Doc. 54 at 3. Plaintiffs' potential breach of contract claims against Robert Dinger or R&N Pool Services are not the subject of this case, nor are tort claims against defendants. Rather, the Court is only considering plaintiffs' potential contract claims against the defendant insurance companies. Therefore, the two proceedings are not parallel and *Colardo River* abstention does not apply.

A. <u>Plaintiffs' Motion for Dismissal Without Prejudice</u>

Dismissal without prejudice is not appropriate at this stage of the proceedings, and further discovery will not aid in resolution of the instant motions for summary judgment. The Fifth Circuit has held that "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). This case has

been ongoing in federal court for nearly a year. Plaintiffs waited to seek voluntary dismissal without prejudice until two rulings adverse to their positions had been issued and two summary judgment motions had been filed. Plaintiffs assert that this is due to the state court proceeding. However, as discussed above, the state court proceeding is not relevant to the Court's resolution of this case. Therefore, voluntary dismissal without prejudice at this late stage of the proceedings is not appropriate.

New Orleans, Louisiana, this 11th day of March 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE